# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE HUMPHRYS, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TD Ameritrade Holding Corporation, and TD Ameritrade, Inc., f.k.a. TD Waterhouse Investor Services, Inc.,<br><br>Defendants. | Case No. 1:08-CV-2912-PAC |

**RESPONSE IN SUPPORT OF THE MOTION OF JANET JONES, AS TRUSTEE OF THE JONES LIVING TRUST DATED 1/14/2002, MICHAEL JONES, AND MICHAEL MCKAY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

## **INTRODUCTION**

This class action alleges that TD Ameritrade violated the Securities and Exchange Act of 1934 by deceptively marketing auction rate securities to investors as risk-free, cash-equivalent alternatives to money market funds, when they were in fact complex, long-term financial instruments. These securities became illiquid on February 13, 2008 after all major broker-dealers abruptly withdrew their "support" for the auction rate securities market.

Before this Court are two motions by Class members seeking their appointment as Lead Plaintiff and approval of their selection of counsel. In their motion for appointment, Class members Janet Jones, as trustee of the Jones Living Trust Dated 1/14/2002, Michael Jones, and Michael McKay (collectively "Movants") have demonstrated a financial interest of $3,300,000 in this litigation. In their competing motion, Class members Sheldon Silverstein and Stephen Stock (collectively referred to as the "Silverstein Group") submit that they have an interest amounting only to $425,000. Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Movants have the largest financial interest and are presumed to be the "most adequate plaintiff" to represent the Class.

Based on this statutory presumption, and because Movants satisfy the other requirements of the PSLRA, Movants should be appointed Lead Plaintiff and their selection of counsel should be approved.

## **FACTUAL BACKGROUND**

As alleged in the Complaint filed in this action, TD Ameritrade deceptively marketed auction rate securities to members of the Class. Auction rate securities are municipal bonds, corporate bonds or preferred stocks with interest rates of dividend yields that are periodically reset though auctions, typically every 7, 14, 28 or 35 days. The Complaint alleges that TD Ameritrade marketed auction rate securities as cash alternatives to money market funds when they are, in fact, complicated financial products based on instruments having maturities of 30 years or more. According to the Complaint, the auction rate securities appeared to be liquid and stable only because broker-dealers were artificially supporting and manipulating the auction

1

market. On February 13, 2008, all major broker-dealers refused to continue to "support" the auction market, causing the market to collapse. As a result, Class members who had believed they were holding liquid investments became saddled with long-term securities that they are unable to sell.

State and federal regulators are now conducting several probes into the collapse of the market. In April 2008, TD Ameritrade received a subpoena from the New York Attorney General as part of an investigation into the disclosures made to investors about the safety and liquidity of auction rate securities.

## ARGUMENT

I. **MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF**

Movants are an individual and a married couple who collectively hold $3,300,000 in auction rate securities that they purchased from TD Ameritrade during the Class Period.[1] Movants respectfully submit that they should be appointed Lead Plaintiff because they have demonstrated the largest financial interest in this litigation and otherwise meet the requirements of the PSLRA and Federal Rule of Civil Procedure 23.

    A.    **The Procedure Required By the PSLRA**

Under the PSLRA, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). "A party is entitled to the statutory presumption of being the most adequate plaintiff if it can show that it: (aa) filed an initial complaint or timely moved for appointment as lead plaintiff; (bb) has the largest financial interest in the relief sought by the class; and (cc) satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure." *Strougo v. Brantley Capital*

---

[1] As alleged in the Complaint, the Class consists of all persons and entities who purchased auction rate securities from TD Ameritrade between March 19, 2003 and February 13, 2008, inclusive, and continued to hold such auction rate securities as of February 13, 2008, the date that the auction market collapsed. *See* Complaint, ¶ 12.

*Corp.*, 243 F.R.D. 100, 104 (S.D.N.Y. 2007) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)). The presumption that a party is the most adequate plaintiff may be rebutted only upon proof that the party "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B. Movants Are Entitled To The Statutory Presumption Of Being The Most Adequate Plaintiff

#### 1. Movants Have Complied With the PSLRA

As described in Movants' initial brief, the notice of the filing of the initial action was published on March 19, 2008. Movants' motion for appointment was filed on May 19, 2008 and is thus timely made. *See* 15 U.S.C. § 78u-4(a)(3)(A) and (B); Fed. R. Civ. P. 6(a).

#### 2. Movants Have The Largest Financial Interest In The Relief Sought By The Class

Pursuant to the PSLRA, identification of the most adequate plaintiff "begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.'" *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (*quoting* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)). "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

Among the prospective Lead Plaintiffs, Movants have the largest financial interest in the relief sought by the Class. As described in their initial moving papers, Movants' cumulative financial interest is $3,300,000 — the combined par value of illiquid auction rate securities they purchased from TD Ameritrade during the Class Period that were not redeemed after the Class Period. *See* Declaration of Jonathan K. Levine In Support of the Motion of for Appointment of Janet Jones, as Trustee of the Jones Living Trust Dated 1/14/2002, Michael Jones, and Michael McKay as Lead Plaintiff and Approval of Selection of Counsel ("Levine Dec."), Exs. B, C, D. In contrast, the Siverstein Group claims to have an interest amounting to only $425,000,

3

approximately one-eighth of Movants' interest.[2]  *See* Memorandum of Law in Support of the Silverstein Group's Motion for (1) Appointment as Lead Plaintiff and (2) Approval of Their Selection of Lead Counsel, p.8.

Also as previously discussed, aggregation of Movants' financial interests, which the Silverstein Group has also done, is proper.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) (providing that a court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ."); 15 U.S.C. § 78u-4(a)(3)(B)(iii) (a "person or group of persons" may be an adequate lead plaintiff); *Reimer v. Ambac Fin. Group, Inc.*, 2008 U.S. Dist. LEXIS 38729, *7-8 (S.D.N.Y. May 9, 2008); *In re American Bank Note Holographics Secs. Litig.*, 93 F. Supp. 2d 424, 436 (S.D.N.Y. 2000); *Weltz v. Lee,* 199 F.R.D. 129, 132 (S.D.N.Y. 2001).  Further, as the Silverstein Group also is comprised of individual investors, aggregation here would not displace any institutional candidate for Lead Plaintiff.  *See In re Centerline Holding Co. Sec. Litig.*, 2008 U.S. Dist. LEXIS 36406, *8 (S.D.N.Y. May 5, 2008).

Even if aggregation is not permitted in this case, however, the individual financial interests of Movants Michael McKay and Janet Jones each far exceed those of the Silverstein Group collectively and its individual members.  As explained in Movants' prior filings, Mr. McKay's individual financial interest amounts to $1,750,000, and Ms. Jones' interest amounts to $1,225,000.  *See* Levine Dec., Exs. B, C, D.  In contrast, Mr. Silverstein and Mr. Stock each purport to have individual financial interests amounting only to $300,000 and $125,000, respectively.  *See* Declaration of Joseph E. Levi, Ex. B.

---

[2] Movants purchased $4,150,000 of auction rate securities during the Class Period, but $850,000 of those securities were subsequently redeemed by their issuers.  In calculating their financial interest in this litigation, Movants have been careful to exclude the value of their redeemed auction rate securities.  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008) (discussing calculation of financial interest for purposes of PSLRA).  It is not clear whether the Silverstein Group has done the same.  The papers filed by the Silverstein Group appear to describe only purchases by Mr. Silverstein and Mr. Stock, not any redemptions.

### 3. Movants Otherwise Satisfy Rule 23

For the purposes of a lead plaintiff motion, only the typicality and adequacy prongs of Rule 23 are relevant. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008) ("[T]he moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." (quotations omitted)); *Albert Fadem Trust v. Citigroup, Inc.,* 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002) ("Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."). Movants satisfy the typicality and adequacy requirements of Rule 23.

As discussed in their previously filed brief, Movants are typical in that their claims and the claims of all other Class members arise out of their purchases of auction rate securities from TD Ameritrade during the Class Period as a result of TD Ameritrade's materially false and misleading statements and omissions about the liquidity and risk characteristics of those securities and the auction market. Movants are adequate Class representatives because their interests are aligned with those of other Class members, and there is no evidence of any antagonism between their interests. In addition, Movants have selected competent and experienced counsel to prosecute the claims in this case and to serve the interests of the Class. Accordingly, Movants are the presumptive "most adequate plaintiff" under the PSLRA, and the Silverstein Group has not submitted proof to rebut that presumption. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### II. MOVANTS' CHOICE OF COUNSEL SHOULD BE APPROVED

Movants have selected three law firms to represent the Class in this matter, subject to Court approval: Girard Gibbs LLP as Lead Counsel, Stueve Siegel Hanson LLP as Co-Lead Counsel, and Seeger Weiss LLP as Liaison Counsel. As shown in the firm resumes filed with Movants' initial moving papers, all three firms have extensive experience in complex class actions and securities litigation on behalf of investors. These firms filed the initial auction rate securities case against TD Ameritrade and have been instrumental in investigating this matter

since the collapse of the auction rate securities market on February 13, 2008. Accordingly, Movants' selection of Lead, Co-Lead and Liaison Counsel should be approved.

## CONCLUSION

For the foregoing reasons and those stated in their moving papers, Movants respectfully request that this Court: (1) appoint them Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i); and (2) approve their selection of counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

DATED: June 6, 2008               Respectfully submitted,

**GIRARD GIBBS LLP**

By:   *Jonathan K. Levine*
      Jonathan K. Levine (JL-8390)

Daniel C. Girard
Aaron M. Sheanin
601 California Street, 14th Floor
San Francisco, CA  94108
Telephone:  (415) 981-4500
Facsimile:  (415) 981-4846

**Proposed Lead Counsel**

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO, 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

**Proposed Co-Lead Counsel**

Christopher A. Seeger (CS-4880)
Stephen A. Weiss (SW-3520)
David R. Buchanan (DB-6368)
**SEEGER WEISS LLP**
One William Street, 10th Floor
New York, NY  10004
Telephone:  (212) 584-0757
Facsimile:  (212) 584-0799

**Proposed Liaison Counsel**

7

## **CERTIFICATE OF SERVICE**

I, Jonathan K. Levine, hereby certify that on June 6, 2008, I caused the following document(s) to be filed electronically with the United States District Court for the Southern District of New York through the Court's mandated ECF service:

1. **RESPONSE IN SUPPORT OF THE MOTION OF JANET JONES, AS TRUSTEE OF THE JONES LIVING TRUST DATED 1/14/2002, MICHAEL JONES, AND MICHAEL MCKAY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document(s) upon confirmation of e-filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6nd day of June, 2008 at San Francisco, California.

                                                                   */S/ Jonathan K. Levine*